

# ARKANSAS COURT OF APPEALS

DIVISION IV
No. CR-13-648

| | |
|---|---|
| DONNIE SUMMERFORD, JR. | **Opinion Delivered** April 2, 2014 |
| APPELLANT | APPEAL FROM THE CLEVELAND COUNTY CIRCUIT COURT [NO. CR-12-24] |
| V. | |
| STATE OF ARKANSAS | HONORABLE LARRY CHANDLER, JUDGE |
| APPELLEE | AFFIRMED |

## PHILLIP T. WHITEAKER, Judge

Donnie Summerford, Jr., appeals his Cleveland County conviction for possession of a firearm by certain persons,[1] claiming that his previous suspended imposition of sentence did not constitute a conviction of a felony for purposes of the statute. We affirm.

In 1991, Summerford received a three-year suspended imposition of sentence after pleading guilty to a felony theft-of-property charge. Because Summerford completed his suspended sentence, no judgment of conviction was entered of record. In 2012, law enforcement responded to Summerford's address in relation to a domestic disturbance. Summerford was subsequently arrested after officers discovered multiple firearms during a search of his residence. Summerford, in a statement to police, also admitted to owning and

---

[1]We note that the information and the sentencing order in this case reference Arkansas Code Annotated section 5-73-120 (carrying a weapon) rather than section 5-73-103 (possession of a firearm by certain persons). We conclude that this is a simple clerical misprision. The information, while referencing 5-73-120, recites the language of section 5-73-103; the jury was instructed on the elements of section 5-73-103; and the sentencing order indicates that the conviction is for possession of a firearm by certain persons by its use of the acronym POFCP under the section designating the name of the offense.

possessing several firearms.

At trial, the State submitted only the terms and conditions of his suspended sentence as proof of his previous felony conviction. The document entitled "Conditions of Probation/Suspension" simply recited that he had pled guilty to theft of property and detailed the conditions of his three-year suspended sentence. It further stated, "If you are revoked, judgment will be entered against you, and the Court will sentence you then on your original plea made today within the punishment range set by law." Counsel for Summerford sought a directed verdict, arguing that this document was not a judgment of conviction and, thus, was not the proper proof of a prior felony. The trial court denied his motion. Summerford was found guilty of being a felon in possession of a firearm and was ordered to pay a $7500 fine.

Summerford argues that the trial court erred in ruling that his previous suspended sentence in Drew County constituted a conviction for purposes of section 5-73-103. He argues Arkansas Code Annotated section 5-4-301 requires that a judgment of conviction be entered only when the defendant is ordered to pay a fine or serve a term of imprisonment in addition to probation or suspension of sentence. Because he was not ordered to pay a fine or serve a term of imprisonment, he argues that no judgment of conviction was entered against him. Because no judgment of conviction exists, he argues that the State failed to meet its burden of proof of a prior felony conviction—a necessary element of the alleged crime. Additionally, he asserts that he fully complied with the terms of his suspended sentence; thus, under Arkansas Code Annotated section 5-4-311, the court was obligated to discharge and dismiss any proceedings against him.

Summerford's arguments are unavailing, and we find an analysis under sections 5-4-301 and -311 unnecessary. Arkansas Code Annotated section 5-73-103(a)(1) (Supp.

2

2011) provides that no person who has been convicted of a felony shall possess or own any firearm. The statute goes on to provide that "[a] determination by a jury or a court that a person committed a felony constitutes a conviction for purposes of subsection (a) of this section even though the court suspended imposition of sentence or placed the defendant on probation." Ark. Code Ann. § 5-73-103(b)(1). Thus, the statute itself specifically defines the term "conviction" for purposes of determining whether a violation has been committed.

Summerford pled guilty to felony theft of property in 1991. The court accepted his guilty plea and sentenced him to three years' suspended imposition of sentence. Under the plain language of Ark. Code Ann. § 5-73-103, the court's determination that he was guilty of a felony resulted in a conviction for purposes of the statute despite the imposition of a suspended sentence and without entry of a judgment of conviction. Because the State sufficiently proved the elements of the offense, we affirm.

GLADWIN, C.J., and WALMSLEY, J., agree.


*N. Mark Klappenbach*, for appellant.

*Dustin McDaniel*, Att'y Gen., by: *Rachel H. Kemp*, Ass't Att'y Gen., for appellee.